UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER, INC.,

                 Plaintiff,

    v.

ALLURE REHABILITATION SERVICES LLC,

ALLURE CARE MANAGEMENT, LLC,

THE ALLURE GROUP,

WILLIAMSBURG SERVICES, LLC

HAMILTON PARK MULTICARE LLC,

CASSENA CARE LLC,

SHORE VIEW ACQUISITION I, LLC

AMSTERDAM NURSING HOME CORPORATION,

SEA CREST HEALTH CARE CENTER, LLC,        **SETTLEMENT AGREEMENT**

SEA CREST ACQUISITION I, LLC            **INDEX NUMBER: 15-CV-6336**

JOPAL SAYVILLE, LLC

CENTERS FOR SPECIALTY CARE GROUP LLC,

BORO PARK OPERATING CO, LLC

PROSPECT PARK OPERATING, LLC

SENTOSACARE, LLC,

WHITE PLAINS CENTER FOR NURSING CARE LLC,

EASTCHESTER REHABILITATION AND HEALTH
CARE CENTER, LLC,

GOLDEN GATE REHABILITATION AND HEALTH
CARE CENTER, LLC,

                 DEFENDANTS.

1

DocuSign Envelope ID: 8D1B68B4-B5A0-4D1F-A8B4-20E6931A595D

WHEREAS, the Fair Housing Justice Center, Inc. ("Plaintiff" or "FHJC") filed an Amended Complaint on October 10, 2017 against Allure Rehabilitation Services LLC, Allure Care Management, LLC, The Allure Group, Williamsburg Services, LLC, Hamilton Park Multicare, Cassena Care LLC, Shore View Acquisition I, LLC, Amsterdam Nursing Home Corporation, Sea Crest Health Care Center, LLC, Sea Crest Acquisition I, LLC, Jopal Sayville, LLC, Centers for Specialty Care Group, LLC, Boro Park Operating Co, LLC, and Prospect Park Operating, LLC, which also contained certain allegations concerning Boro Park Center for Rehabilitation and Health Care, Brooklyn Center for Rehabilitation and Residential Health Care, Shore View Nursing and Rehabilitation Center, Amsterdam Nursing Home, Sea Crest Nursing and Rehabilitation Center, Hamilton Park Nursing and Rehabilitation Center, Upper East Side Rehabilitation and Nursing Center, Peninsula Nursing and Rehabilitation Center, Morningside Nursing and Rehabilitation Center, Workmen's Circle Multi Care Center, Fordham Nursing and Rehabilitation Center, Margaret Tietz Nursing and Rehabilitation Center, Center For Nursing & Rehabilitation, Long Beach Nursing and Rehabilitation Center, East Neck Nursing & Rehabilitation Center, Carillon Nursing & Rehabilitation Center, King David Center for Nursing and Rehabilitation, Linden Center for Nursing and Rehabilitation, Crown Heights Center for Nursing and Rehabilitation, Bedford Center for Nursing and Rehabilitation, Harlem Center for Nursing and Rehabilitation, Beth Abraham Center, Bronx Center, Bushwick Center, Far Rockaway Center, Holliswood Center, Hope Center, Martine Center, Richmond Center, Triboro Center, University Center, Williamsbridge Center also wish to preemptively resolve the issues addressed in this lawsuit;

WHEREAS, in the Complaint, Plaintiff alleged, among other things, that certain nursing homes discriminated against Plaintiff on the basis of disability in violation of

6574617_1
4942450v.6

the Federal Fair Housing Act ("FHA") (42 U.S.C. §3602 et seq.), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794), and the New York City Human Rights Law (New York City Admin. Code § 8-101 et seq.);

WHEREAS, Plaintiff, and Defendants Allure Rehabilitation Services LLC, Allure Care Management, LLC, The Allure Group, Williamsburg Services, LLC, Hamilton Park Multicare, Cassena Care LLC, Shore View Acquisition I, LLC, Amsterdam Nursing Home Corporation, Sea Crest Health Care Center, LLC, Sea Crest Acquisition I, LLC, Jopal Sayville, LLC, Centers for Specialty Care Group, LLC, Boro Park Operating Co, LLC, and Prospect Park Operating, LLC, and all the Facilities identified and defined herein below in paragraph 3 (collectively, Defendants, the Facilities, and Plaintiff are referred to herein as the "Parties") wish to amicably and finally resolve the claims raised by Plaintiff in the Complaint, according to the terms set forth in this Settlement Agreement ("Agreement"), as a compromise to avoid the cost and uncertainty of litigation;

WHEREAS, Defendants Allure Rehabilitation Services LLC, Allure Care Management, LLC, The Allure Group, Williamsburg Services, LLC, Hamilton Park Multicare, Cassena Care LLC, Shore View Acquisition I, LLC, Amsterdam Nursing Home Corporation, Sea Crest Health Care Center, LLC, Sea Crest Acquisition I, LLC, Jopal Sayville, LLC, Centers for Specialty Care Group, LLC, Boro Park Operating Co, LLC, and Prospect Park Operating, LLC, and the Facilities have denied the allegations of wrongdoing and liability as set forth in the Complaint, and by entering into this Agreement do not admit that they have engaged in any wrongdoing whatsoever as alleged in the Complaint, nor should anything in this Agreement be construed as an admission of any wrongdoing or of any matter alleged in the Complaint; and

6574617_1
4942450v.6

WHEREAS, the Parties have voluntarily agreed to the terms of this Agreement and jointly request that it be so-ordered by the Court, as indicated by the signatures appearing below.

**IT IS HEREBY AGREED** by and between the Parties that:

## I. TERM AND SCOPE OF AGREEMENT

1.      All obligations under this Agreement, unless otherwise specified, shall commence one hundred and twenty (120) days after the date this Agreement is so-ordered by the Court and shall continue for a period of three (3) years from that date. All Parties agree to take the necessary steps to seek Court approval of this Agreement.

2.      This Agreement shall be binding on the Parties and their owners, employees, agents, representatives, officers, heirs, assigns, or subsidiaries, unless otherwise specified.

3.      Notwithstanding the above or any other term of this Agreement, the specific terms of this Agreement shall apply to the policies, procedures, and operation of only the following facilities and no other facility: Boro Park Operating Co, LLC, Prospect Park Operating LLC, Shore View Nursing and Rehabilitation Center, Sea Crest Acquisition I, LLC d/b/a Sea Crest Nursing and Rehabilitation Center, Hamilton Park Nursing and Rehabilitation Center, Upper East Side Rehabilitation and Nursing Center, Peninsula Nursing and Rehabilitation Center, Morningside Nursing and Rehabilitation Center, Workmen's Circle Multi Care Center, Fordham Nursing and Rehabilitation Center, Margaret Tietz Nursing and Rehabilitation Center, Downtown Brooklyn Nursing & Rehabilitation, Long Beach Nursing and Rehabilitation Center, East Neck Nursing & Rehabilitation Center, Carillon Nursing & Rehabilitation Center, King David Center for Nursing and Rehabilitation, Linden Center for Nursing and Rehabilitation, Crown Heights Center for Nursing and Rehabilitation, Bedford

4

Center for Nursing and Rehabilitation, Harlem Center for Nursing and Rehabilitation, Abraham

Operations Associates LLC, Bronx Center for Rehabilitation and Healthcare LLC, Wartburg

Receiver LLC, Rockaway Operations Associates LLC, Hollis Operating Co, LLC, Hope Center

Operations LLC, Schnur Operations Associates LLC, SV Operating Three LLC, DOJ

Operations      Associates      LLC,      University      Nursing      Home,      LLC,      and

Williamsbridge Manor Nursing Home, LLC (collectively the "Facilities" and each individually

a "Facility"), all of which are located in the New York service area of the jurisdiction of the

United States Districts Court of the Eastern and Southern District of New York, unless

otherwise specified.

## II. MONETARY RELIEF

4.      On behalf of named Defendants Allure Rehabilitation Services LLC, Allure Care

Management, LLC, The Allure Group, Williamsburg Services, LLC, Hamilton Park Multicare,

Cassena Care LLC, Shore View Acquisition I, LLC, Amsterdam Nursing Home Corporation, Sea

Crest Health Care Center, LLC, Sea Crest Acquisition I, LLC, Jopal Sayville, LLC, Centers for

Specialty Care Group, LLC, Boro Park Operating Co, LLC, and Prospect Park Operating, LLC,

and the Facilities, the Facilities, as defined herein, shall pay Plaintiff and its attorneys, Eisenberg

& Baum, LLP ("E&B"), the total sum of Two Hundred Forty Five Thousand Six Hundred and

Seventy Five Dollars ($245,675) in full and final settlement of all Plaintiff's Complaint and its

claims including, but not limited to, any claims for damages, attorneys' fees, or costs (the

"Settlement Amount"). The costs of all training contemplated in this agreement are recognized

to be included within the Settlement Amount as stated above, including site fees, wages and

benefits to Plaintiff's employees, and all other costs associated with setting up, scheduling, and

conducting training.  The exact breakdown of the Settlement Amount by each responsible

6574617_1
4942450v.6

Facility is set forth in Schedule A to this Agreement and is incorporated herein by reference. Each Facility's respective monetary obligations under this Agreement to pay the Settlement Amount shall be individual, not joint and several. As a condition of receiving the Settlement Amount under this Agreement, E&B is required to deliver a completed IRS Form W-9 to counsel for the Facilities at Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, New York 11021. The Settlement Amount shall be made payable to "Fair Housing Justice Center and Eisenberg & Baum as attorneys for Plaintiff FHJC." The Facilities shall deliver this payment to E&B located at 24 Union Square East, Fourth Floor, New York, New York, 10003. Payment shall be made no later than thirty (30) days after the Court has so ordered this Settlement Agreement and filed same with the Clerk of the Court, provided that the Facilities have received a completed IRS Form W-9 from E&B at least five business days before such payment.

5.      The Parties shall file a Stipulation and Order of Dismissal with the Court to dismiss the case if and only if the Settlement Amount is fully paid at the address specified in the preceding paragraph. Concurrent with the signing of this Agreement, the Parties shall execute, and Plaintiff shall file, said Stipulation and Order of Dismissal in the form attached as Exhibit A to this Agreement within fifteen (15) days of the Facilities' payment of the Settlement Amount on the terms set forth above. Except as provided herein, both sides shall bear their own attorneys' fees and costs.

## III. GENERAL INJUNCTIVE RELIEF

6.      The Facilities and their employees and agents shall not discriminate against persons on the basis of disability in their admission of residents to the Facilities listed above in paragraph three (3), in violation of the Federal Fair Housing Act ("FHA") (42 U.S.C. §3602), Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794), or the New York City Human

6

Rights Law (New York City Admin. Code § 8-101 et seq.) in any manner, including without limitation:

> (a)  Refusing to admit prospective residents based upon the disability of being deaf and/or hard of hearing; and
>
> (b)  Refusing to provide prospective residents and residents who are deaf or hard of hearing auxiliary services such as American Sign Language ("ASL") interpreters when necessary for effective communication.

7.      The Facilities shall agree to implement the following updates to their policies, procedures and operations at the Facilities listed above in paragraph three (3):

> (a)  The Facilities will include, to the extent not already included, a "Communication with Deaf or Hard of Hearing Persons Accommodation Policy," which includes provisions barring discrimination based on disability.
>
> (b)  All Facility employees having the roles described in Paragraph 9(h) shall sign an acknowledgement of receipt and reading of the "Communication with Deaf or Hard of Hearing Persons Accommodation Policy." The Facilities shall certify yearly during the three year term of this Agreement, upon written request of the FHJC, that all current and new staff having the roles described in Paragraph 9(h) have received and have been instructed to review the "Communication with Deaf or Hard of Hearing Persons Accommodation Policy" described above.
>
> (c)  The Facilities will create, if not already in place, a "Deaf or Hard of Hearing Communication Request Form" to be utilized by prospective residents upon their admission to the facility which will allow said prospective residents to request auxiliary services relating to the deaf and hard of hearing such as ASL.
>
> (d)  Each Facility will include this "Deaf or Hard of Hearing Communication Request Form" in its admission application packet.
>
> (e)  In accordance with all existing applicable laws and regulations, the Facilities shall provide effective communication to any self-identified deaf or hard of hearing resident, including, by way of example, addressing the communication needs of any patient requiring interpreting services. To the extent practical and permissible under all existing applicable laws and regulations, including HIPAA, the Facilities shall develop a practice and/or policy of identifying those patients that are deaf or hard of hearing to alert staff of the patient's deaf or hard-of-hearing status and potential need for assistive services.

6574617_1
4942450v.6

(g) In the event a resident declines interpretation assistance, the refusal of interpreting services will be documented in the resident's records.

(i) To the extent Defendants and each Facility maintain a website, Defendants shall make reference to the Fair Housing logo and the international symbol for sign language interpretation. FHJC shall provide an example of said logo and symbol. There is no obligation on the part of the Facilities to maintain this Fair Housing Logo on each Facilities' website.

(j) Each Facility shall conspicuously place a Fair Housing poster in a public area of the Facility regarding its compliance with the FHA. FHJC shall provide an example of said poster. Each Facility shall also conspicuously place appropriate signage in a public area of the Facility informing the public that sign language interpreters will be provided upon request for residents, prospective residents, and their companions consistent with the terms of the Communication with Deaf or Hard of Hearing Persons Accommodation Policy.

(l) The aforementioned policies shall be adopted within 120 days of the signing of this Agreement.

(m) The Facilities agree not to take any retaliatory action against the FHJC regarding any of the allegations made in the Complaint, or the monitoring of or enforcement of this Agreement on account of it having exercised its rights or the rights of the deaf guaranteed by the laws of the State of New York or the United States of America.

(n) FHJC must provide counsel for the Facilities and each individual Facility with notice, as detailed in Paragraph 15 below, of any alleged violation of the terms and conditions of this Paragraph 7 and its subparts.

8.      Prior to the execution of this Agreement, Plaintiff acknowledges that it has received copies of the "Communication with Deaf or Hard of Hearing Persons Accommodation Policy" described by Paragraph 7(a) of this Agreement, the "Deaf or Hard of Hearing Communication Request Form" described by Paragraph 7(c), and a form documenting the declination of interpretation assistance as described in Paragraph 7(g). Plaintiff acknowledges that the Facilities' compliance with all of the policies set forth in this Paragraph and proper utilization of the procedures and forms set forth in this Paragraph shall be deemed full compliance with the terms of Paragraphs 6 and 7(a), 7(c), 7(f), 7(g), and 7(h) of this Agreement.

6574617_1
4942450v.6

## IV. FAIR HOUSING TRAINING

9.      FHJC shall provide up to twelve (12) training sessions to the agreed upon Facility

Personnel defined in subparagraph (b) below, within a three year period after the Effective Date

of this Agreement.  The training sessions shall be scheduled, held, and subject to the following:

(a)  Each training session shall not exceed two (2) hours in duration.

(b)  FHJC shall hold one to two training sessions per day, as scheduled and
agreed to in advance by the Parties;

(c)  FHJC shall be entitled to schedule three consecutive days of training to
provide the training services referenced in paragraph 9(a) and (b) above.

(d)  The training will be primarily dedicated to legal issues concerning the deaf
and hard of hearing but may also include sensitivity training regarding deaf and
hard of hearing and other protected classes.

(e)  FHJC affirms and agrees that nothing in the training shall contradict each
Facility's standard operating procedures or the policies set forth in Paragraph 7
of this Agreement and further agrees that nothing in the training will conflict or
be contrary to the laws of the State of New York and that of the United States.

(f)  FHJC will work collaboratively with the Facilities and their counsel to
schedule trainings.  FHJC shall contact the Facilities' designated representative
or its counsel, Garfunkel Wild P.C., at least 90 days before the proposed
training to identify proposed dates and times of the training.

(g)  FHJC will, at the time of the above-mentioned written notice, provide
counsel for the Facilities the proposed training materials and a script of the
proposed training talking points for the Facilities' advance review, at FHJC's
sole cost and expense.  In the event the Facilities object that any element of the
training materials or training is inconsistent with the policies and procedures
set forth in Paragraph 7 above, the Parties shall meet and confer in an effort to
agree on the training materials and/or information to be provided in the
training.  Any dispute that cannot be resolved following such a meet and confer
will be subject to the terms and requirements of Paragraph 15 below.

Over the three (3) year period of this Agreement, the Facilities will allow FHJC to train

the following persons or categories of persons from each Facility:

(h)  Director of Nursing, Director of Admissions, Assistant Director of
Admissions, Assistant Director of Admissions, Admissions Staff, Educators,

9

and Social Services Department heads at each of the Facilities listed in Paragraph three (3) above.

## V. EDUCATIONAL TRAINING

10.    In addition to the training provided by FHJC, the Facilities will ensure that all current and new staff having the roles described in Paragraph 9(h) have been instructed to read the Communication with Deaf or Hard of Hearing Persons Accommodation Policy described in Paragraph 7(a) of this Agreement and are informed that sign language interpreters will be provided upon request for residents, prospective residents, and their companions consistent with the terms of the Communication with Deaf or Hard of Hearing Persons Accommodation Policy.

## VI. RECORDKEEPING PROVISIONS

11.    The Facilities will maintain the following records throughout the term of this Agreement electronically or in paper form:

(a)  Certification that all staff listed in Paragraph 9(h) of the Agreement have been instructed to read the Communication with Deaf or Hard of Hearing Persons Accommodation Policy.

(b)  Copies of Deaf or Hard of Hearing Communication Request Forms submitted at the Facilities to the patients identifying as being deaf or hard of hearing and/or in need of auxiliary aids or services, and documentation as to whether the request was granted, denied or alterative aids were provided.

(c)  Copies of any written complaints or summaries of complaints related to any alleged failure to provide any auxiliary aids and services as maintained by the Facilities in their regular course of business, i.e., grievance files.

(d)  Copies of all written policies required by the Agreement.

(e)  Certification of the physical placement of the posters described in Paragraph 7(j) above and certification of the online publication of interpreter symbols described in Paragraph 7(i) above.

(f)  FHJC must provide counsel for the Facilities and each individual Facility with notice, as detailed in Paragraph 15 below, of any alleged violation of the terms and conditions of this Paragraph 11 and its subparts.

6574617_1
4942450v.6

12.     Upon reasonable written notice, each Facility will permit Plaintiff to inspect and copy the records described in Paragraph 11 above no more than one time per calendar year during the term of this Agreement.  The Facilities shall only be responsible to maintain the records referenced in Paragraph 12 above for one year periods as determined by each Facility in its normal course of business.  The records contemplated to be reviewed by FHJC pursuant to Paragraph 11 will not contain any personally identifiable resident information including but not limited to an individual's (a) name; (b) social security number; (c) tax returns; (d) banking information; (e) credit reports; or (f) any records deemed a medical record or within the medical record filed of a resident.  If any term of this paragraph, or any other term of this Agreement, conflicts with any federal or state law concerning the privacy of health information, the federal or state law shall govern and the conflicting term of this Agreement shall be set aside.

## VII. RELEASES

13.     In exchange for the Facilities' agreement to the terms set forth in this Agreement, Plaintiff and its employees, agents, representatives, attorneys, officers, heirs, assigns, or subsidiaries, hereby release, acquit, and forever discharge with prejudice, and subject to the terms of this Agreement, Defendants and the Facilities listed in Paragraph 3 herein and all employees, parents, owners, shareholders, agents, trustees, board members, other constituents, insurers, bond holders, attorneys, subsidiaries and affiliated entities from any and all liability, claims, or rights of action arising from the allegations in the Complaint (including, but not limited to, claims for costs, expenses, and attorneys' fees) and from any other liability concerning discrimination in admissions or care for prospective residents or residents who are deaf or hard of hearing.

6574617_1
4942450v.6

## VIII. ADMINISTRATION OF AGREEMENT

14.    The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce the terms of this Agreement upon the filing of an appropriate motion by either party, provided any moving party has fully complied with the notice and cure provision herein in Paragraph 15.

15.    It shall be a condition precedent to FHJC's or any Facility's right to seek judicial intervention on any alleged violation of this Settlement Agreement that FHJC or any moving Facility shall first have given the other party's counsel, Garfunkel Wild, P.C., 111 Great Neck Road, Great Neck, New York 11021 for each Facility and Eisenberg & Baum, LLP, 24 Union Square East, 4th Floor, New York, NY 10003 for Plaintiff, written notice stating with specificity the alleged violation and the specific facts of the alleged breach of the Agreement (the "breach"). If a period of thirty (30) days from and after the giving of such written notice elapses without the breaching party having cured or remedied such breach to the mutual reasonable satisfaction of Plaintiff and the applicable Facility or Facilities during such thirty (30) day period, the moving party will only then be allowed to pursue judicial intervention. In the case of an alleged violation that cannot be cured within thirty (30) days, the period for remedy or cure shall be extended for a reasonable time (not to exceed an additional thirty (30) days), provided the moving party has made and continues to make a diligent effort to effect such a remedy or cure. Any claim of an incurable violation must be based upon reasonableness and must be discussed by Plaintiff and the applicable Facility or Facilities in good faith before any party seeks judicial intervention.

6574617_1
4942450v.6

16.  This Agreement shall be deemed to have been jointly drafted and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this Agreement as a whole.

## IX. SEVERABILITY

17.    If any provision of this Agreement is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this Agreement shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision shall materially affect the intent of this Agreement. The Parties to this Agreement shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this Agreement.

## X. MISCELLANEOUS

18.    This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the Parties hereto, or to vary the terms and conditions contained herein.

19.    The Parties expressly represent and warrant that they have full legal capacity to enter into this Agreement, that they have carefully read and fully understand this Agreement, that they have had the opportunity to review this Agreement with their attorneys and that they have executed this Agreement voluntarily, without duress, coercion, or undue influence.

6574617_1
4942450v.6

20.    This Agreement may be executed in any number of counterparts and each such counterpart shall be deemed to be an original. For purposes of executing this Agreement, a document signed and transmitted by facsimile or email shall be treated as an original document and have the same binding legal effect as an original signature on an original document.

**[Signature Pages Follow]**

14

Fair Housing Justice Center

Fred Freiberg, Executive Director

Date: 11/26/2018

Eisenberg & Baum LLP, Counsel for Plaintiff

Andrew Rozynski, Esq.

Date: November 26, 2018

15

Garfunkel Wild P.C.,
*Counsel for the Defendants and Facilities*

Date: 11/28/18

Roy W. Breitenbach
Salvatore Puccio

Peckar & Abramson, P.C.
*Counsel for Defendants Hamilton Park MultiCare, LLC*
*and Amsterdam Nursng Home Corporation*

Date: _____

Kevin J. O'Connor
Joseph M. Vento

Allure Rehabilitation Services, LLC

Date: 11-27-18

Name  Richard Bam
Title  General Counsel

Allure Care Management, LLC

Date: 11-27-18

Name  Richard Bam
Title  General Counsel

Allure Care Management, LLC d/b/a The Allure Group

Date: 11-27-18

Name  Richard Bam
Title  General Counsel

Williamsburg Services, LLC

Date: 11-27-18

Garfunkel Wild P.C.,
*Counsel for the Defendants and Facilities*

_____     Date: _____
Roy W. Breitenbach
Salvatore Puccio


Peckar & Abramson, P.C.
*Counsel for Defendants Hamilton Park MultiCare, LLC*
*and Amsterdam Nursing Home Corporation*

_____     Date: 11-28-18
Kevin J. O'Connor
Joseph M. Vento


Allure Rehabilitation Services, LLC

_____     Date: _____
Name
Title


Allure Care Management, LLC

_____     Date: _____
Name
Title


The Allure Group

_____     Date: _____
Name
Title


Williamsburg Services, LLC

_____     Date: _____

16

6574617_1
4942450v.6

Name *Richard Brm*
Title *General Counsel*

Hamilton Park Multicare, LLC d/b/a Hamilton Park Nursing and Rehabilitation Center

Name *Richard Brm*

Date: *11-27-18*

Title *General Counsel*

Cassena Care LLC

Name

Date: _____

Title

Shore View Acquisition I, LLC

Name

Date: _____

Title

Amsterdam Nursing Home Corporation

Name

Date: _____

Title

Jopal Sayville, LLC

Name

Date: _____

Title

Centers for Specialty Care Group, LLC

17

Name
Title

Hamilton Park Multicare

_____          Date: _____
Name
Title

Cassena Care LLC

_____          Date: _____
Name
Title

Shore View Acquisition I, LLC

_____          Date: _____
Name
Title

Amsterdam Nursing Home Corporation

_____          Date: _11/28/18_____
Name   *William J. Pascocello*
Title   *Senior VP.*

Jopal Sayville, LLC

_____          Date: _____
Name
Title

Centers for Specialty Care Group, LLC

17

Name
Title

Hamilton Park Multicare

_____          Date: _____
Name
Title

Cassena Care LLC

DocuSigned by:
_____          Date: 11/21/2018
Name:   Pasquale DeBenedictis          _____
Title:   Member

Shore View Acquisition I, LLC

DocuSigned by:
_____          Date: 11/21/2018
Name:   Pasquale DeBenedictis          _____
Title:   Member

Amsterdam Nursing Home Corporation

_____          Date: _____
Name
Title

Jopal Sayville, LLC

DocuSigned by:
_____          Date: 11/21/2018
Name:   Alex Solovey          _____
Title:   Member

Centers for Specialty Care Group, LLC

17

6574617_1
4942450v.6

_____      Date: _11/19/2018_
Name
Title


Boro Park Operating Co. LLC

_____      Date: _11/19/2018_
Name
Title


Prospect Park Operating, LLC

_____      Date: _11/19/2018_
Name
Title

Shore View Nursing and Rehabilitation Center

_____      Date: _____
Name
Title


Sea Crest Acquisition I, LLC d/b/a Sea Crest Nursing and Rehabilitation Center

_____      Date: _____
Name
Title


Hamilton Park Nursing and Rehabilitation Center

_____      Date: _____
Name
Title


Upper East Side Rehabilitation and Nursing Center

18

6574617_1
4942450v.6

_____     Date: _____
Name
Title


Boro Park Operating Co. LLC


_____     Date: _____
Name
Title


Prospect Park Operating, LLC


_____     Date: _____
Name
Title

Shore View Nursing and Rehabilitation Center

┌─DocuSign by:
│ *Alex Pushkanzer*
└─────────────────────────      Date: 11/21/2018
Name:   Alex Pushkanzer
Title:   Administrator


Sea Crest Acquisition I, LLC d/b/a Sea Crest Nursing and Rehabilitation Center

┌─DocuSign by:
│ *(signature)*
└─────────────────────────      Date: 11/21/2018
Name:   Alex Solovey
Title:   Member


Hamilton Park Nursing and Rehabilitation Center


_____     Date: _____
Name
Title


Upper East Side Rehabilitation and Nursing Center

18

Name: Scott Mair
Title:    Administrator

Date: 11/21/2018

Peninsula Nursing and Rehabilitation Center

Name: Jay Russel
Title:    Administrator

Date: 11/21/2018

Morningside Nursing and Rehabilitation Center

Name: Saverio Carollo
Title:    Administrator

Date: 11/23/2018

Workmen's Circle Multi Care Center

Name: Larry Abrams
Title:    Administrator

Date: 11/21/2018

Fordham Nursing and Rehabilitation Center

Name: Liane Rutenberg
Title:    Administrator

Date: 11/21/2018

Margaret Tietz Nursing and Rehabilitation Center

Name: Johnny Lee
Title:    COO

Date: 11/28/2018

19

Downtown Brooklyn Nursing and Rehabilitation

Name: Michael Schrieber

Title:   Administrator

Date: 11/21/2018


Long Beach Nursing and Rehabilitation Center

Name: Steven Rohinsky

Title:   Administrator

Date: 11/21/2018


East Neck Nursing and Rehabilitation Center

Name: Keith Powers

Title:   Administrator

Date: 11/21/2018


Carillon Nursing and Rehabilitation Center

Name: Gerry Albers

Title:   Administrator

Date: 11/21/2018


King David Center for Nursing and Rehabilitation

Name
Title

Date: _____


Linden Center for Nursing and Rehabilitation

Name
Title

Date: _____


20

Long Beach Nursing and Rehabilitation Center

_____     Date: _____
Name
Title


East Neck Nursing and Rehabilitation Center

_____     Date: _____
Name
Title


Carillon Nursing and Rehabilitation Center

_____     Date: _____
Name
Title


SGRNC LLC d/b/a King David Center for Nursing and Rehabilitation

_____     Date: 11-27-18
Name  Richard Bram
Title  General Counsel

Linden Center for Nursing and Rehabilitation

_____     Date: 11-27-18
Name  Richard Bram
Title  General Counsel


St. Marks Brooklyn Associates L.L.C. d/b/a Crown Heights Center for Nursing and Rehabilitation

_____     Date: 11-27-18
Name  Richard Bram
Title  General Counsel

20

Bedford Center for Nursing and Rehabilitation

Name  _Richard Brun_                    Date:  _11-27-18_
Title  _General Counsel_

Harlem Center for Nursing and Rehabilitation, LLC d/b/a Harlem Center for Nursing and Rehabilitation

Name  _Richard Bron_                    Date:  _11-27-18_
Title  _General counsel_

Abraham Operations Associates LLC

Name                                    Date:
Title

Bronx Center for Rehabilitation and Healthcare LLC

Name                                    Date:
Title

Wartburg Receiver LLC

Name                                    Date:
Title

Rockaway Operations Associates LLC

Name                                    Date:
Title

21

Crown Heights Center for Nursing and Rehabilitation

_____          Date: _____
Name
Title


Bedford Center for Nursing and Rehabilitation

_____          Date: _____
Name
Title


Harlem Center for Nursing and Rehabilitation

_____          Date: _____
Name
Title


Abraham Operations Associates LLC

_____          Date: _11/19/2018_____
Name
Title

Bronx Center for Rehabilitation and Healthcare LLC

_____          Date: _11/19/2018_____
Name
Title


Wartburg Receiver LLC

_____          Date: _11/19/2018_____
Name
Title

21

Rockaway Operations Associates LLC

_____
Name
Title

Date: ___11/19/2018___

Hollis Operating Co, LLC

_____
Name
Title

Date: ___11/19/2018___

Hope Center Operations LLC

_____
Name
Title

Date: ___11/19/2018___

Schnur Operations Associates LLC

_____
Name
Title

Date: ___11/19/2018___

SV Operating Three LLC

_____
Name
Title

Date: ___11/19/2018___

DOJ Operations Associates LLC

_____
Name
Title

Date: ___11/19/2018___

University Nursing Home, LLC

22

_____            Date: _____
Name
Title

Williamsbridge Manor Nursing Home, LLC

_____            Date: _____
Name
Title

It is ORDERED this _____ day of _____ 2018

_____
Hon. Raymond J. Dearie
United States District Judge

23

6574617_1
4942450v.6

DocuSign Envelope ID: 8D1B68B4-B5A0-4D1F-A8B4-20E6931A595D

## Schedule A

| | |
|---|---|
| Boro Park Operating Co, LLC | $7,925 |
| Prospect Park Operating LLC | $7,925 |
| Shore View Nursing and Rehabilitation Center | $7,925 |
| Sea Crest Acquisition I, LLC d/b/a Sea Crest Nursing and Rehabilitation Center | $7,925 |
| Hamilton Park Nursing and Rehabilitation Center | $7,925 |
| Upper East Side Rehabilitation and Nursing Center | $7,925 |
| Peninsula Nursing and Rehabilitation Center | $7,925 |
| Morningside Nursing and Rehabilitation Center | $7,925 |
| Workmen's Circle Multi Care Center | $7,925 |
| Fordham Nursing and Rehabilitation Center | $7,925 |
| Margaret Tietz Nursing and Rehabilitation Center | $7,925 |
| Downtown Brooklyn Nursing and Rehabilitation | $7,925 |
| Long Beach Nursing and Rehabilitation Center | $7,925 |
| East Neck Nursing and Rehabilitation Center | $7,925 |
| Carillon Nursing and Rehabilitation Center | $7,925 |
| King David Center for Nursing and Rehabilitation | $7,925 |
| Linden Center for Nursing and Rehabilitation | $7,925 |
| Crown Heights Center for Nursing and Rehabilitation | $7,925 |
| Bedford Center for Nursing and Rehabilitation | $7,925 |
| Harlem Center for Nursing and Rehabilitation | $7,925 |
| Abraham Operations Associates LLC | $7,925 |
| Bronx Center for Rehabilitation and Healthcare LLC | $7,925 |
| Wartburg Receiver LLC | $7,925 |
| Rockaway Operations Associates LLC | $7,925 |
| Hollis Operating Co, LLC | $7,925 |
| Hope Center Operations LLC | $7,925 |
| Schnur Operations Associates LLC | $7,925 |
| SV Operating Three LLC | $7,925 |
| DOJ Operations Associates LLC | $7,925 |
| University Nursing Home, LLC | $7,925 |
| Williamsbridge Manor Nursing Home, LLC | $7,925 |

**SCHEDULE B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FAIR HOUSING JUSTICE CENTER, INC.,

PLAINTIFF,

v.

ALLURE REHABILITATION SERVICES LLC,

ALLURE CARE MANAGEMENT, LLC,

THE ALLURE GROUP,

WILLIAMSBURG SERVICES, LLC

HAMILTON PARK MULTICARE LLC,

CASSENA CARE LLC,

SHORE VIEW ACQUISITION I, LLC

AMSTERDAM NURSING HOME CORPORATION,

SEA CREST HEALTH CARE CENTER, LLC,

SEA CREST ACQUISITION I, LLC

JOPAL SAYVILLE, LLC

CENTERS FOR SPECIALTY CARE GROUP LLC,

BORO PARK OPERATING CO, LLC

PROSPECT PARK OPERATING, LLC

SENTOSACARE, LLC,

WHITE PLAINS CENTER FOR NURSING CARE LLC,

EASTCHESTER REHABILITATION AND HEALTH
CARE CENTER, LLC,

GOLDEN GATE REHABILITATION AND HEALTH
CARE CENTER, LLC,

**STIPULATION AND ORDER OF
DISMISSAL WITH PREJUDICE**

INDEX NUMBER: 15-CV-6336

6574617_1
4942450v.6

DEFENDANTS.

Whereas, the Fair Housing Justice Center, Inc. ("Plaintiff") and Allure Rehabilitation Services

LLC, Allure Care Management, LLC, The Allure Group, Williamsburg Services, LLC, Hamilton Park

Multicare, Cassena Care LLC, Shore View Acquisition I, LLC, Jopal Sayville, LLC, Centers for Specialty

Care Group, LLC, Boro Park Operating Co, LLC, and Prospect Park Operating, LLC (hereinafter

collectively "the Settling Facilities") through their undersigned counsel stipulate and agree as

follows:

   1.      This action is hereby dismissed with prejudice as to the Settling Facilities, pursuant

to the terms of the Settlement Agreement signed by the Court on _12/5/18_ , 2018. Each party

shall bear its own costs and fees, except as otherwise provided for in the Settlement Agreement.

   2.      The Court shall retain jurisdiction over this action for the sole purpose of enforcing

compliance with the terms of the Settlement Agreement.

   3.      A facsimile or scanned copy of this Stipulation and Order of Dismissal with

Prejudice will be considered the same as an original and may be filed with the Court electronically

or by facsimile transmission.

| Eisenberg & Baum LLP<br>24 Union Square East, 4th Floor<br>New York, New York 10003<br>(212) 353-8700 | Garfunkel Wild, P.C.,<br>111 Great Neck Road,<br>Great Neck, New York 11021<br>(516) 393-6500 |
|---|---|
| By: _____<br>       Andrew Rozynski | By: _____<br>       Salvatore Puccio |
| Attorneys for Plaintiff | Attorneys for the Settling Facilities |
| Dated: _____ , 2018 | Dated: _____ , 2018 |
| Peckar & Abramson, P.C.,<br>1325 Avenue of the Americas, 10th Fl.,<br>New York, New York 10019<br>(212) 382-0909 | |
| By: _____<br>       Joseph M. Vento | |

Attorneys for Hamilton Park Multicare and
Amsterdam Nursing Home Corporation

Dated: November 28 , 2018

It is ORDERED this 5 day of Dec 2018

s/ Raymond J. Dearie

Hon. Raymond J. Dearie
United States District Judge